| | |
|---|---|
| | The Honorable Richard A. Jones |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC P. SOPTICH,<br><br>       Plaintiff,<br><br>  v.<br><br>STRYKER CORPORATION a Michigan corporation, and HOWMEDICA OSTEONICS CORPORATION, d/b/a STRYKER SPINE, a New Jersey corporation and wholly owned subsidiary of STRYKER CORPORATION,<br><br>       Defendants. | CASE NO. C19-00744 RAJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND** |

This matter is before the Court on Plaintiff's Motion to Amend. Dkt. # 25. For the following reasons, the Court GRANTS the Motion.

## I.  BACKGROUND

Plaintiff initially brought this action against Stryker Corporation ("Stryker") in April 2019. Dkt. # 1-1. Stryker later removed this action to federal court on the basis of diversity jurisdiction and moved to dismiss Plaintiff's Complaint. Dkt. ## 1, 8. On June 11, 2019, Plaintiff filed his First Amended Complaint, adding Howmedica Osteonics Corporation ("Defendant" or "HOC") as a defendant.[1] Dkt. # 11. On July 5, 2019, HOC

---

[1] The parties later stipulated to dismiss Stryker from this action. Dkt. # 20.

ORDER - 1

moved to dismiss Plaintiff's Amended Complaint for failure to state a claim. Dkt. # 19. The Honorable Judge Brian A. Tsuchida issued a Report and Recommendation, recommending HOC's motion be granted in part and denied in part. Dkt. # 24. HOC filed Objections to Judge Tsuchida's Report and Recommendation which are currently pending before the Court. Dkt. # 27.

Plaintiff now seeks permission to amend his complaint to join three additional defendants, Dr. Jens Chapman, Dr. Fernando Alonso, and Swedish Health Services d/b/a Swedish Medical Center (collectively, the "Additional Defendants"). Dkt. # 25. Because joinder of the Additional Defendants will destroy the Court's diversity jurisdiction, Plaintiff also seeks an order remanding this action to state court.

## II. LEGAL STANDARD

If after removal, a plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court. 28 U.S.C. § 1447(e). Under § 1447, whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the court and will be reviewed under an abuse of discretion standard. *See Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 691 (9th Cir. 1998).

## III. DISCUSSION

### A. Joinder Under 28 U.S.C. § 1447(e)

Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants: (1) whether the new defendants should be joined under Rule 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is sought solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *See Palestini v. Gen. Dynamics Corp.,* 193 F.R.D. 654, 658 (S.D. Cal. 2000).

i. Just Adjudication and Rule 19(a)

Plaintiff contends that the Additional Defendants are necessary under Rule 19 because failure to join them would result in separate and redundant actions. Dkt. # 25 at 7. A necessary party is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy... by adjusting all the rights involved in it." *CP Nat'l. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991).

HOC contends that the Additional Defendants are not necessary under the Supreme Court's decision in *Temple v. Synthes* Corp., Ltd., 498 U.S. 5, 7 (1990). Dkt. # 29 at 7. In *Temple,* a medical device products liability suit, the Court determined that the plaintiff's physician and the hospital were not "necessary" parties under Rule 19(a). *Temple*, at 5−6. However, because the standard under 28 U.S.C. § 1447(e) is less restrictive than Rule 19's standard, *Temple* does not preclude a finding that joinder of the medical providers and Swedish is necessary for just adjudication consistent with the purposes of section 1447(e). "Although courts consider whether a party would meet [Rule] 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under [Rule] 19." *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011−12 (N.D. Cal. 2000).

Plaintiff also argues that he will be precluded from obtaining complete relief if HOC ultimately decides to assign blame to the Additional Defendants. Dkt. # 25 at 7. HOC claims that Plaintiff's concerns are meritless and that it has "no basis for asserting any wrongdoing" by Swedish or Drs. Chapman or Alonso. Dkt. # 29 at 5. The Court appreciates that HOC, at this time, has no intent to pursue claims against the Additional Defendants. However, this action is relatively new — discovery is not complete — and the Court cannot assume that HOC's position will not change. It would be manifestly unfair to allow HOC to point to the physicians' or the hospital's negligence to reduce its potential liability but prevent Plaintiff from asserting medical negligence claims in the

ORDER - 3

same action. *See Ramirez v. Our Lady of Lourdes Hosp. at Pasco*, No. 2:13-CV-01108-RSM, 2013 WL 5373213, at *4 (W.D. Wash. Sept. 25, 2013). Accordingly, this factor weighs in favor of granting the Motion.

### ii. Statute of Limitations

At the time this Motion was filed, the statute of limitations for pursuing claims against the Additional Defendants had not yet expired. *See* Dkt. # 25 at 7. Since then, the statute of limitations has expired, but it appears that Plaintiff also brought a state court action against the Additional Defendants. *See* Dkt. ## 34, 35. Because the statute of limitations does not preclude Plaintiff from filing suit against the Additional Defendants in state court, this factor favors denying joinder.

### iii. Unexplained Delay

Courts also consider delay in seeking amendment when determining whether to allow amendment to add a non-diverse party. HOC argues that Plaintiff has failed to adequately justify his four-month delay in moving to amend the complaint to add the Additional Defendants. Dkt. # 29 at 8−10. Plaintiff objects, noting that he brought this Motion very shortly after an August 8, 2019 meet and confer conference when he learned of HOC's intent to potentially shift blame to the Additional Defendants, thereby necessitating joinder.[2] Dkt. # 25 at 8−9. Based on the record before it, the Court finds no basis to conclude that Plaintiff unreasonably delayed in seeking amendment. Thus, this factor weighs in favor of granting the Motion.

### iv. Plaintiff's Motive

A court "should look with particular care" at the plaintiff's intent in removal cases, when a defendant's joinder will destroy complete diversity "and will require a remand to the state court." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). HOC argues that Plaintiff's stated motives are disingenuous, and that Plaintiff actually brought this Motion in an effort to destroy diversity jurisdiction. Dkt. # 29 at

---

[2] Plaintiff alleges that HOC identified the additional defendants as "potentially liable." Dkt. # 25 at 9. HOC vigorously disputes this allegation. Dkt. # 29 at 10.

ORDER - 4

10−11. But HOC has not produced any evidence of Plaintiff's bad faith. To the contrary, Plaintiff contends that he agreed to withdraw the motion to amend if HOC agreed to stipulate to not assert liability against the medical providers or Swedish. Dkt. # 31 at 2. Here, there is no evidence that Plaintiff is bringing this motion in bad faith and the Court will not impute an improper motive simply because the requested joinder will destroy diversity jurisdiction. *See IBC Aviation Services, Inc.*, 125 F. Supp. 2d at 1012. This factor weighs in favor of granting Plaintiff's Motion.

### v. Apparent Validity of Plaintiff's Claims

In the proposed amended complaint, Plaintiff alleges claims of negligence against the doctors and Swedish and negligent failure to maintain against Swedish. *See* Dkt. # 25-1 at ¶¶ 42-45, 46-50. When evaluating this factor, courts " 'need only determine whether the claim seems valid,' which is not the same as the standard in either a motion to dismiss or a motion for summary judgment." *See Meggs v. NBC Universal Media, LLC*, 2017 WL 2974916, at *8 (C.D. Cal. 2017); *Taylor v. Honeywell Corp.*, 2010 WL 1881459, at *3 (N.D. Cal. 2010) (stating that the "existence of a facially legitimate claim against the putative defendant weighs in favor of permitting joinder under section 1447(e)").

The Court agrees with HOC that Plaintiff's negligent failure to maintain claim under RCW § 7.72.040(1) is likely invalid. Swedish is likely not a "product seller" as defined under the statute. However, Plaintiff also asserts negligent medical malpractice claims against the Additional Defendants. *See* Dkt. # 25-1 at ¶¶ 46−50. Under Washington law, a claim of medical malpractice is stated where the complaint alleges: (1) the health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider, and (2) the defendant's violation of the standard of care was the proximate cause of the plaintiff's injury. *See* RCW § 7.70.040. Plaintiff's proposed amended malpractice claim contains all the requisite elements under RCW § 7.70. Because Plaintiff has articulated a seemingly valid negligence claim against the non-diverse defendants, this factor weighs in favor of granting the Motion.

ORDER - 5

*See Milton v. Xerox Corp.,* No. C15-5618 BHS, 2016 WL 641130, at *4 (W.D. Wash. Feb. 18, 2016) (finding the existence of a valid claim against the defendant weighs in favor of permitting joinder).

                vi.   <u>Whether Denial of Joinder Will Prejudice Plaintiff</u>

Finally, denying amendment would likely require Plaintiff to litigate two related cases in two different courts. "Duplicative litigation in separate proceedings pending in state and federal court would result in a waste of judicial and the [Plaintiff's] resources, as well as risk inconsistent results." *Taylor v. Honeywell Corp.*, No. C 09–4947 SBA, 2010 WL 1881459, at *4 (N.D. Cal. May 10, 2010) (internal citation omitted). This weighs in Plaintiff's favor.

On the whole, the Court finds that the balance of factors weighs in favor of granting Plaintiff's Motion to Amend the complaint to join additional defendants. Plaintiff argues that, if the Court grants leave to amend, the Court should remand the case back to state court. Dkt. # 25 at 11. Because joinder of the additional defendants destroys the diversity under 28 U.S.C. § 1332, the Court will remand this action to King County Superior Court.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Amend is **GRANTED**. The Clerk is directed to **REMAND** this case to King County Superior Court. Because this action is being remanded, HOC's Objections (Dkt. # 27) to the Honorable Brian A. Tsuchida's Report and Recommendation (Dkt. # 24) are **terminated as moot**.

DATED this 12th day of December, 2019.

*[signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge

ORDER - 6